ANITA STEBURG (SBN: 245933)
STEBURG LAW FIRM
1798 Technology Drive, Suite 258
San Jose, CA 95110
Tel.: (408) 573-1122
Fax: (408) 573-1126

Attorney for Debtors
PATRICIA MAULDIN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| In re: | CHAPTER 13 |
|---|---|
| PATRICIA MAULDIN, | Bankruptcy Case No. 11-31183 SFM |
| Debtors. | **Hearing Date: November 16, 2011**<br>**Time: 1:35 PM**<br>**Judge: Montalli**<br>**Place: 235 Pine Street, 22nd Floor, San Francisco, CA 94104** |

RESPONSE TO TRUSTEE'S MOTION TO DISMISS CASE PRIOR TO CONFIRMATION

Debtor responds to the motion to dismiss as follows:

Objections to Confirmation

The Chapter 13 Trustee (hereafter the "trustee") has moved to dismiss prior to confirmation of debtor's chapter 13 case for failure to timely satisfy trustee's requests as to items listed in the motion consisting of an amended plan and schedules.

The debtor opposes the motion to dismiss averring that no cause exists for dismissal. The debtor has actively and aggressively been pursuing confirmation. However, because of her mental and physical challenges, additional time was required to allow her to respond to the trustee's requests. One example is the three meetings which it took for the Meeting of the Creditors to be concluded in the instant case.

The new procedure regarding dismissal was meant to ensure that the bar generally would prosecute cases. The new procedure was not meant to punish debtors who are actively prosecuting their cases. Here, the debtor has been actively prosecuting her case in light and actively taking steps to resolve issues so that the case can be confirmed. Additionally, due to debtor's disabilities and issues that have been outside of her control, she has required additional time to address the concerns of the trustee and her creditors.

## Background

Debtor is a student, disabled and suffers from extreme depression, fibromyalgia, a debilitating back injury and attention deficit disorder. She receives financial aid in the form of scholarships and loans at the beginning of each school period. Since filing her Chapter 13 case, the debtor has been able to rent her primary residence in the amount of $2,500 per month. Debtor resides in the second unit of her real property located at 811 and 813 Madison Avenue in Redwood City, California. The debtor has limited access to utilities such as electricity and water in the unit where she resides. Additionally, since the filing of this case the debtor has had difficulties in receiving her mail. To correct this issue, the debtor has had her mail held at the main post office as general delivery. Due to her mental and physical disabilities and her lack of transportation, she has been unable to go to the post office to pick up her mail on a regular basis. This has delayed in the debtor in receiving correspondence from her counsel and increased the time it takes to communicate with the debtor. It has taken a substantial amount of time and numerous reminders due to debtor's disabilities for her to return the documents necessary to move her case forward.

Adding to the debtor's difficulties in the recent months, the debtor's grandmother passed away recently. This traumatically affected the debtor deeply since she was very close to her grandmother. Her father has also passed away and her uncle committed suicide after

prolonged struggles with illnesses previously and her only close relative left was her grandmother. The death of the debtor's grandmother, father and the suicide of her uncle, when coupled with the debtor's ongoing struggles with her own disabilities, caused her to have a breakdown and she has been unable to proceed with her case. However, the debtor is now able to assist with her case and is actively resolving issues in the way of her plan being confirmed. In light of the debtor's facts and circumstances, she requires more time than someone without these difficulties to resolve the issues surrounding her case.

Prior to filing the case, the debtor was struggling financially and was engaged in a protracted attempt to obtain a workout with the junior note and deed of trust on the property, Coast Capital Income Fund, LLC. The negotiations were ultimately unsuccessful and the junior lien holder was scheduled to foreclose on the property. The debtor filed this case to prevent the loss of her home.

The Deficiencies

The debtor has been attempting to resolve deficiencies in her case that the trustee may or may not be unaware of. When the bankruptcy was filed, the debtor had not filed tax returns for a number of years with the Internal Revenue Service and the Franchise Tax Board. Since the tax returns had not been filed, the Internal Revenue Service had assessed taxes and subsequently filed an inflated proof of claim based on the amounts assessed. Upon filing the Chapter 13 bankruptcy case, the debtor gathered the information that was necessary to prepare the tax returns. Since multiple years were involved, it took a substantial amount of time to locate all of the documents that were necessary for the preparation of the tax returns. The documents were then taken to H&R Block to have the tax returns prepared. However, H&R Block lost the documentation and took a substantial amount of time to prepare the tax returns. It took the debtor over five months working with H&R Block to have the tax returns

completed so they could be filed. Upon the filing of the federal tax returns, debtor's counsel communicated with the IRS to have the IRS accept the tax returns and reduce their claim. This was necessary as the claims would need to be paid in the Chapter 13 plan as priority debt. The reduction in the IRS claim was in the best interest of the creditors and the debtor.

There have also been issues with the first and second lien holders and the payments made to the lien holders by the debtor. The first and second secured lien holders of the real property had sent correspondence stating that the debtor had not been making post-petition payments. The debtor had to go to the bank and provide verification that she had been making post-petition payments. It took several times providing the proof of payment to the first lien holder until they confirmed receipt and were able to correct their records. Additionally, second lien holder had been informed that the debtor had not made any post-petition payments so the proof of payment issue had to be resolved with the second lien holder as well. This issue took over two months to resolve. Additionally, the first lien holder has twice since that time sent correspondence that it had not received post-petition payments and debtor and debtor's counsel have had to expend substantial time to resolve this ongoing issue with the first mortgage lender so a motion for relief of stay would not be filed erroneously.

The debtor believed the first lien holder was paying the homeowners insurance for the real property. The first lien holder had orally confirmed that they were paying the homeowners insurance through an impound account with debtor's attorney. However, when the second lien holder requested proof of insurance, the first lien holder was unable to provide it. Upon further investigation after notification by the second lien holder that they were placing forced place insurance on the real property, the first lien holder realized that they had mistakenly placed codes on the account that (1) they had purchased insurance for the property and (2) the property was a bank-owned property. When the debtor was informed that the

second lien holder was placing forced hazard insurance on the property, the debtor immediately purchased homeowners insurance and provided proof to both the first and second lien holders of the property. The second lien holder requested proof that they were an additional insured. Although the debtor requested this information be provided, it subsequently took almost six weeks and multiple phone calls to provide this verification from the insurance company.

The debtor has had three meetings with the trustee. The first meeting was continued to allow the debtor to file her delinquent tax returns. The second meeting was continued due to the debtor's absence. The third meeting was held and concluded. The trustee requested certain schedules be amended at the meeting. Shortly after the meeting, the debtor had a breakdown and substantial issues receiving her mail. The debtor only has access to email when she is at school. This has made it difficult for debtor's counsel to obtain debtor's approval for the amendments and for the debtor to understand what was being requested of her. Debtor's counsel recently was made aware of debtor's difficulties and is actively working with the debtor to resolve the issues so the case can be confirmed.

The trustee's objections are based on the deficiencies itemized below. The list below is an itemized of list of the objections and what action the debtor took to resolve the deficiency:

Objection One: Chapter 13 Plan served on all creditors. The original Chapter 13 Plan was served on all creditors. However, debtor's attorney failed to file the certificate of service with the court. The First Amended Chapter 13 Plan was filed with the Court on October 26, 2011 and it has been served on all creditors and the certificate of service was filed with the court on October 27, 2011.

Objection Two: Debtor's plan is insufficient to pay all secured, priority, and administrative claims and, therefore not feasible. An amended Chapter 13 Plan was filed on October 26, 2011 that will pay all secured, priority and administrative claims.

Objection Three: Debtor incorrectly listed real property claims in Paragraph 4A of the Plan which should be listed in Paragraph 4D. The amended Chapter 13 Plan filed on October 26, 2011 correctly lists the post-confirmation payments secured by real property in paragraph 4D.

Objection Four: Paragraph 9 of Debtor's Plan does not provide for future returns beginning with the 2011 tax year. The amended Chapter 13 Plan filed on October 26, 2011 reflects the correct tax year in Paragraph 9.

Objection Five: The attorney fees are incorrectly listed in Paragraph 3. The amended Chapter 13 Plan resolves this issue.

Objection Six: Schedules B and C list a personal injury case with a value of "unknown." Debtor's amended Schedules B and C filed on October 26, 2011 reflects a value of $0.00 since the debtor is unable to locate an attorney who will take this case on a contingency case. Upon further investigation, debtor believes that her personal injury claims have no value.

Objection Seven: At the 341 meeting, the Debtor stated that the post-petition mortgage payments had not been made and/or were not current. The Debtor has made her post-petition payments to the mortgage lenders and is obtaining proof of payments from her bank. Upon receiving the proof of payment, she will file a declaration with the proof of payment with the court and trustee.

Objection Eight: The trustee requested an amended Schedule C which lists all assets listed in Exhibit B. The assets listed in Schedule B but not listed on Schedule C were

originally not exempt. However, the Debtor amended Schedules B and C on October 26, 2011.

Objection Nine: Debtor failed to list all income information on Question 1 of the Statement of Affairs. For the two years immediately preceding the bankruptcy filing, the Debtor's income was limited to food stamps and her financial loans and scholarships. This is reflected on the originally filed Statement of Affairs, Question 1. The debtor did not rent her primary residence until after the bankruptcy was filed.

The debtor has amended her plan and the schedules to resolve the trustee's concerns. The debtor, through her counsel, has been discussing Coast Capital Income Fund, LLC's objections with their counsel so the objections to confirmation can be resolved. Debtor's counsel believes that the amendments filed on October 26, 2011 resolve all outstanding issues with the Trustee and Coast Capital Income Fund, LLC.

## Conclusion

Debtor respectfully requests the court deny the motion to dismiss without prejudice and allow debtor to proceed with the prosecution of her effort at reorganization.

Dated: October 26, 2011          STEBURG LAW FIRM

/s/ Anita L. Steburg
Anita L. Steburg
Counsel for Debtor