ANITA STEBURG (SBN: 245933)
STEBURG LAW FIRM
1798 Technology Drive, Suite 258
San Jose, CA 95110
Tel.: (408) 573-1122
Fax: (408) 573-1126

Attorney for Debtors
PATRICIA MAULDIN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| In re:<br><br>PATRICIA MAULDIN,<br><br>Debtors. | CHAPTER 13<br><br>Bankruptcy Case No. 11-31183 SFM<br><br>**Hearing Date: November 16, 2011**<br>**Time: 1:35 PM**<br>**Judge: Montalli**<br>**Place: 235 Pine Street, 22nd Floor,**<br>**San Francisco, CA 94104** |

MEMORANDUM IN SUPPORT OF RESPONSE TO TRUSTEE'S MOTION TO DISMISS

CASE PRIOR TO CONFIRMATION

The trustee has raised a motion to dismiss the case under 11 U.S.C. §1307(c)(1) alleging unreasonable delay on the part of the debtor. For the reasons set forth below, the debtor has not intentionally delayed attempting to obtain confirmation of the plan, but instead have been involved in aggressively pursuing confirmation as her disabilities and challenges outside of her control will allow.

The debtor has been actively and aggressively been pursuing confirmation. The trustee's motion to dismiss was filed on March 29, 2011. The new procedure regarding dismissal was meant to ensure that the bar generally would prosecute cases. The new procedure was not meant to punish debtors who are actively prosecuting their cases but have

genuine difficulties outside of their control and based on their facts and circumstances require additional time and assistance to resolve all issues so their plan can be confirmed.

In the instant case, the debtor suffers from physical and mental disabilities. In the meeting with the trustee, the debtor testified to her disabilities. Instead of being understanding that these issues may impact the debtor in a way that would require additional assistance and time to resolve the issues that stand in the way of confirmation, the trustee responded with a motion to dismiss. The debtor suffers from fibromyalgia, a condition which causes debtor constant pain which can be debilitating at times, and an attention deficiency disorder, a condition which makes it difficult for the debtor to concentrate and comprehend facts without great difficulty. The debtor also suffers from severe depression and recently had a breakdown. The stress of the debtor's financial situation and the recent loss of her grandmother, father and the suicide of her uncle have made the depression worse and led to a mental breakdown. The debtor is now recovering and is able to once again become active in her case and resolve the remaining issues.

## Law and Argument

The applicable law relating to the dismissal for cause, to wit, unreasonable delay is found under 11 U.S.C. §1307(c)(1). This section reads "unreasonable delay by the debtor that is prejudicial to creditors." As shown by the accompanying declaration in support of debtor's opposition, there has not been an unreasonable delay in this case. Debtor has been active in her case to the extent that she has been able but her case is more difficult due to her disabilities and circumstances outside of her control. The debtor believes the trustee's issues have been adequately addressed and the outstanding objections of Coast Capital Income Fund, Inc. are resolved with the amended schedules and plan.

## Conclusion

Given the debtor's efforts at prosecuting confirmation, the facts indicate the debtors have not intentionally or unreasonably delayed the prosecution of this case. Moreover, the counsel for debtor alleges that she believes that the trustee's issues have been resolved. Debtor's counsel also believes that the objections to the plan filed by Coast Capital Income Fund, Inc. have been resolved by the amendments filed with the court and documentation which has been provided to that creditor.

WHEREFORE, the debtor respectfully requests the court decline to grant the trustee's motion to dismiss.

Dated: October 26, 2011          STEBURG LAW FIRM

/s/ Anita L. Steburg
Anita L. Steburg
Counsel for Debtor